THE PEOPLE, *ex rel.* John W. Lewis, Commissioner of Highways of the town of Lenox, *vs.* EDWIN R. WHITE, Justice of the Peace, and RONALDO O. COE, Town Clerk of Lenox.

An application, under the highway act of 1847, (*Laws of* 1847, *ch.* 455;) by land owners, over whose land a highway has been laid, for a re-assessment of damages by a jury, is not an *appeal*, in any sense; but is like a motion for a re-argument of the same matter before another tribunal. It is a continuation of the same proceeding, not before a higher, but a different, forum or body; and one is in nowise a review of the other.

It is no objection to such an application, or to the jurisdiction of the justice issuing the venire, that the application for a jury is made by several land owners, together, instead of separately.

Although each person injured may doubtless apply alone, yet as the same jury that is drawn to re-assess the damages upon the first application must re-assess for every other person aggrieved, upon the same highway, separate applications would seem to be superfluous. *Per* POTTER, J.

The question of *costs* creates no obstacle to a joint application; as the statute is broad enough to cover all questions that may arise, on that point.

In the absence of any positive directions in the statute, as to the manner of proceeding, and in the absence of any adjudicated case, to show error, it is safer for the court, in such a case, to hold the established rule that where a statute confers power and jurisdiction to act, in a matter, but omits to prescribe the form of proceeding, the courts will hold that all necessary powers to carry out the provisions of the act are also granted.

THIS is a *certiorari*, under the highway act of 1847, (*Laws of* 1847, *ch.* 455,) to review the proceedings upon a re-assessment of damages, by five land owners, over whose lands a highway had been laid, and whose damages had been assessed by commissioners appointed by the county court of Madison county. These land owners, together, applied to the town clerk of an adjoining town for a jury to be drawn in pursuance of the provisions of the 3d section of said act of 1847, and the said town clerk duly drew a jury of twelve men, according to the provisions of the 4th section of said act, and delivered the certificate thereof to the applicants. Such certificate was delivered to a justice of the peace of the said town

of Lenox, who issued a venire to a constable, directing him to summon twelve jurors from the said town of Sullivan, at a time and place therein specified. On the return day, only nine of said persons so directed to be summoned as jurors, appeared. The return of the constable showed that two of the jurors named in the venire were absent from the town, and could not be found. One of the persons summoned did not appear. The relator, by his counsel, here objected, 1st. That the justice had no jurisdiction of the matter, in that the appeal was joint, while the interest of the appellants were separate; that the appeal should have been several, and not joint; that the question of costs depends, in each case, upon the question whether the damages are increased or diminished; and, 2d. That the drawing for six jurors could not proceed, as only ten of the twelve jurors had been summoned. The justice proceeded and drew six names from the jurors in attendance, who acted as jurors and assessed the damages, increasing them in each case, from the assessment made by the commissioners.

*B. F. Chapman*, for the relator.

*E. P. Hart*, for the respondents.

*By the Court*, POTTER, J. There was no want of jurisdiction on the part of the justice who issued the venire, on the ground that the appeal was joint. The appeal (as it is called) returned and before us, may as well be held to be several as joint. It is all in one notice, it is true, and neither the word *joint* or *several* is employed. The word *we* is once used, which is sometimes held to be joint, and sometimes several; and the word *undersigned* is also used, which is more frequently held to mean several than joint. There is nothing in the statute directing the form of proceeding; or requiring separate action;

or prohibiting joint action; or making the form of proceeding at any step jurisdictional. Indeed, separate applications would seem to be superfluous, as the jury, to be drawn are, by the 6th section of the act, to re-assess all the damages required to be re-assessed upon the same highway, for all persons aggrieved. So, though the applications may, I doubt not, be several, or each person may apply alone, yet the same jury that is drawn to re-assess the damages upon the first application, must re-assess for every other upon that road. Instead of the objection being limited to the words "joint" and " several," it would technically have been better to have used the terms " singly," or " aggregately;" for persons may act aggregately and still singly, and not necessarily jointly, because each utters the same complaint, and the action of the jury, in re-assessing, was several.

But the relator is in error in calling this proceeding an appeal. It is not an appeal, in any sense; it is not so termed in the statute. It is like a motion for a reargument of the same matter before another tribunal. It is a continuation of the same proceeding, not before a higher, but a different forum or body; one is in nowise a review of the other.

In the absence of any positive directions in the statute as to the manner of proceeding, and in the absence of any adjudicated case cited to us, to show error, it is safer for the court to hold the established rule, that where a statute confers power and jurisdiction to act in a matter, but omits to prescribe the form of proceeding, the courts will hold that all necessary powers to carry out the provisions of the act are also granted. I think the proceeding in question might be sustained upon this ground alone, if necessary to stand upon it.

I think the relator's counsel is also mistaken in supposing that the question of costs cannot be regulated unless each person aggrieved proceeds separately. There is

The People *v.* White.

no more difficulty in regulating this in an aggregate case, than singly. The statute is broad enough to cover all questions that arise on this point. If the moving party fails to increase his assessment, he is made liable for costs; if he does increase it, the town is liable for costs. If a part of the aggrieved parties increase, and others fail to increase the assessment, only those who fail are liable. The costs are several, because the re-assessments are several, and the statute declares, "that all persons who may be liable for costs under that proceeding, shall be liable in proportion to the amount of damages respectively assessed to them by the first assessment."

I do not think the relator has shown any error that requires a reversal of the proceedings; and the writ should be dismissed, and the proceedings affirmed.

[THIRD DEPARTMENT, GENERAL TERM, at Binghamton, June 6, 1871. *Miller*, P. J., and *Potter* and *Parker*, Justices.]