IN THE MATTER OF THE WOVEN TAPE SKIRT COMPANY.

*Dissolution of corporations — Disagreement of trustees — Sale of assets — chapter 442 of 1876.*

Under the provisions of chapter 442 of 1876, authorizing the dissolution of a corporation in case the trustees are unable to agree as to the management thereof, the court may, in proper cases, direct the assets remaining after the payment of the expenses of the receivership and of the debts and liabilities of the corporation, to be sold and the proceeds divided among the stockholders.

APPEAL by Joseph I. West from an order directing the receiver of the property of the Woven Tape Skirt Company to sell at public auction, after due notice, as required by law, the interest of the corporation in letters patent, and an agreement concerning the use of the invention made with the assignors of such interest.

*Daniel T. Walden*, for the appellant.

*Albert Cardozo*, for the respondent.

DANIELS, J.:

The corporation was formed for the purpose of manufacturing and selling woven tape skirts, under the right to do so secured by

virtue of the patent and agreement. It consisted of but four associates, who disagreed in its conduct and management. For that reason alone it was dissolved, as it has been provided that such corporations may be, pursuant to the authority for that purpose created by chapter 442 of the Laws of 1876.

When the corporation was formed, the appellant and Moritz Cohn each owned one-sixth of the patent, and had an agreement with the owners of the other four-sixths concerning its use. These two persons assigned the agreement and their respective one-sixths in the patent to the corporation, and received an equivalent for the same in an obligation that there should be issued to each of them 300 shares of its paid up stock. They also contributed for working capital the sum of $20,000 each. After the formation of the corporation, Cohn transferred one-third of his interest in it to Samuel Galland, who continues to be the owner of that interest. Both himself, and Cohn, who is the owner of two-thirds of one-half the stock of the corporation, desire a sale of the interest assigned to it in the patent and agreement; and, in support of their supposed right to have such sale made, swear that, in their judgment, a larger price can be obtained for the entire interest together than for the two undivided halves sold separately. The appellant is willing to receive back his interest as he assigned it in full, for so much of his right to participate in the assets of the corporation, and protests against any sale of it whatever.

The statute provides that, after paying the expenses of the receivership and the debts and liabilities of the corporation, the residue of its assets shall be distributed among the stockholders in proportion to their several interests therein. (Laws of 1876, chap. 442.) But it could not have been intended by this provision that it should be understood as prohibiting a sale for the purpose of making that distribution. Cases may arise where a distribution of the property itself can be equitably made by a decision, and where that mode of proceeding would secure to each one of the stockholders all that he could be entitled to receive. There a sale would be evidently needless and improper. In other cases, nothing less than a sale of the assets would, under a proper distribution of the assets, be practicable. In them the sale would become a plain necessity, and the only proper course for making the distribution provided

for by the statute. The legislature has not in terms prescribed the manner in which the assets shall be distributed. It has simply provided generally for a distribution; and, consequently, whatever may become necessary for the purpose of effectually and properly making it, must, according to well settled principles of construction, be included within the authority created by the statute. (*Green* v. *The Mayor*, 2 Hilton, 203, 209; *People* v. *White*, 59 Barb., 666.) If the distribution can be properly made without a sale, then it should not be made. But when a sale may become necessary to give each one of the stockholders his full interest in the assets, then, clearly, it should be ordered by the court. An exigency of this description has been shown by the affidavits to exist in this case. For it has been made to appear that a sale of the two-sixths of the patent, together with the agreement made for its use will, very probably, bring a larger proportionate price than a sale of one-sixth with an undivided one-half of the agreement. And both Cohn and Galland are entitled to all the advantage that can be so secured in the distribution of the assets of the corporation. In that way alone will they receive the full measure of their interests.

For these reasons the order made was a proper one, and it should be affirmed with ten dollars costs, besides disbursements.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.