WILLIAM DAWSON *vs.* MATILDA SHILLOCK and another.

June 7, 1882.

**Ejectment—Second Trial—Payment of Costs of First Trial.**—Under the statute giving a right to a second trial, in an action for the recovery of real estate, the payment of the costs of a former trial is a condition upon performance of which the right to a second trial depends. After payment of part of such costs in such an action, the adverse party noticed the cause for retrial, and caused it to be entered on the calendar, both parties supposing the whole costs to have been paid. *Held*, to be no waiver of the statutory requirement, and that no right to a second trial was thereby acquired. The time for performing the statutory conditions having expired, the court could not relieve from the default.

Appeal by defendants from an order of the district court for Clay county, *Stearns, J.*, presiding, vacating and setting aside defendants' demand for a second trial. The acknowledgment of the receipt of the costs of the first trial was in the following words: "Received of Briggs & Elders, defendants' attorneys in the above-entitled action, the sum of forty and ·seventy-seven one-hundredths dollars, costs therein. W. H. Grant, plaintiff's attorney." The case is stated in the opinion.

*Howe Paige* and *Briggs & Elders*, for appellants.

It is a well-settled principle that a party may waive a statutory provision made for his benefit, no principle of public policy being violated. *Leighton* v. *Grant*, 20 Minn. 345 ; *Bray* v. *Redman*, 6 Cal. 287 ; *Edwards* v. *Duling*, 36 Ill. 351 ; Maxwell on Statutes, 348 ; Sedgwick on Stat. and Const. Law, 109 ; *Buel* v. *Trustees of Lockport*, 3 N. Y. 197 ; *Tombs* v. *Rochester & Syracuse R. Co.*, 18 Barb. 583 ; *Morrison* v. *Underwood*, 5 Cush. 52 ; *Markham* v. *Stanford*, 14 C. B. (N. S.) 376 ; *D'Ivernois* v. *Leavitt*, 8 Abb. Pr. 59 ; *Elkins* v. *Sams*, 3 Hayw. (Tenn.) 44. There was a complete waiver in this action by receipt in full of costs. *Southern Life Ins. Co.* v. *Booker*, 9 Heisk. 606 ; *Provident Life Ins. Co.* v. *Fennell*, 49 Ill. 180. And also by placing the cause on the calendar, noticing it for trial, and general appearance at the time of trial. *Chouteau* v. *Rice*, 1 Minn.

166, (192;) *Yale* v. *Edgerton*, 11 Minn. 184, (271;) *Steinhart* v. *Pitcher*, 20 Minn. 102; *Curtis* v. *Jackson*, 23 Minn. 268; *Pearson* v. *Rawling*, 1 East, 77; *Mayor of New York* v. *Lyons*, 24 How. Pr. 280; *Coppernoll* v. *Ketcham*, 56 Barb. 111; *Baxter* v. *Arnold*, 9 How. Pr. 445; *Gardner* v. *Teller*, 2 How. Pr. 241; *Mulkins* v. *Clark*, 3 How. Pr. 27; *Murray* v. *Vanderbilt*, 39 Barb. 140; *Le Sage* v. *Great Western Ry. Co.*, 1 Daly, 306; *Spencer* v. *Trafford*, 42 Md. 1; *Turney* v. *Lamont*, 1 Baxt. (Tenn.) 265; *Wells* v. *Mason*, 4 Scam. 84; *Ransom* v. *New York*, 4 Blatchf. 157; *Den* v. *Bacon*, 4 Wash. C. C. 578.

*William H. Grant* and *William Barrett*, for respondent.

DICKINSON, J.* Action for the recovery of real property. Plaintiff recovered judgment, and costs were taxed against the defendants at the sum of $48.77. Defendants, by their attorney, for the purpose of securing a second trial, as allowed by the statute, (Gen. St. 1878, c. 75, § 11,) transmitted to the attorney of the plaintiff the sum of $40.77, as the costs taxed, and served a demand for a new trial. The attorney of the defendants had been misled by an indistinctness in the figures made by the clerk of court in footing the items upon the bills of costs, and from inspection of that instrument supposed the costs taxed to be $40.77; although, in fact, the amount as footed and as entered in the judgment was $48.77. Plaintiff's attorney received the remittance of $40.77, and, supposing that to be the full amount of the costs, he acknowledged receipt, admitted service of demand for new trial, and subsequently noticed the case for retrial, and caused it to be entered upon the calendar. At the term for which the cause was thus noticed, plaintiff moved to vacate and set aside the demand for a second trial, because the costs had not been paid. Defendants then offered to pay the plaintiff the unpaid balance of the costs. Neither party had discovered the mistake until about the time of the making of the motion. More than six months had then elapsed from the time of notice of the entry of the judgment. The court considered that the neglect and mistake of the defendants in the premises were excusable, and that they should be relieved therefrom, if the court had any discretionary power to afford such relief;

*Mitchell, J., did not hear the argument, and took no part in the decision of this case.

but, upon the ground of want of such power, it granted the motion and defendants appealed.

It is a principle of general application that when a statute gives a right which otherwise would not exist, and points out the method by which it may be asserted, or prescribes the conditions precedent to its enjoyment, the statute must be strictly pursued. The statute referred to gives a right not existing under the common law. The payment of the costs of a former trial within six months after notice of the judgment is, by the terms of the statute, made a condition precedent, upon the performance of which the right depends. If the condition be not performed, it is as though the statute giving the right did not exist. That the statute must be complied with according to its terms is shown in *Davidson* v. *Lamprey*, 16 Minn. 445. The acceptance of the part of the costs by plaintiff constituted no waiver of any right. He was entitled to the sum so paid, absolutely, without condition. The fact that plaintiff noticed the cause for trial, and caused it to be entered upon the calendar, effected no waiver of his right to maintain his judgment, which, until set aside either by compliance with the statutory requirement, or in some other way not suggested in these proceedings, stood as a final adjudication of the rights of the parties. He supposed the fact to be that the costs had been fully paid in the remittance of $40.77, and that hence the statute itself had avoided or suspended his judgment, and compelled him to submit to a retrial.

A waiver is a voluntary surrender and relinquishment of a right. Under the circumstances it is clear that the acts of the plaintiff did not constitute a relinquishment of his rights respecting the judgment, and a consent to a trial *de novo*. It may occur that acts done in real ignorance of the rights of the actor, will be deemed a waiver of such rights, where the knowledge is presumed or imputed to him from the circumstances of the case, or by virtue of the law, or where duty requires him to inform himself, and not to act until he shall have done so. But this is not such a case. The acts of the plaintiff were not such as to supplement or complete defendants' imperfect performance of the statutory conditions; nor were they such as to excuse defendants' default, or to avail them here in any way, unless by virtue of

the principle of estoppel. Plaintiff is not estopped to rely upon his judgment and to oppose the second trial demanded, because it does not appear that defendants, relying upon plaintiff's conduct, forbore to do what they otherwise would have done. So far as appears, they had done all they proposed to do, and all they would have done under any circumstances, before plaintiff served the notice of trial. We need not consider what might have been the result if these facts had been different.

The statute (Gen. St. 1878, c. 66, § 125) which gives the court authority to allow pleadings to be made and other acts to be done after the time limited therefor in that chapter, to relieve from default, and to allow amendments, so as to make proceedings conformable to the statute, has no application to this case. The action had been prosecuted to final judgment. The power of the court was not invoked on account of errors committed or defaults suffered which had resulted in an unjust judgment. The retrial allowed by statute not depending upon cause therefor being shown or existing in fact, and the law having granted it only upon prescribed conditions, this statute should not be construed as giving to the court authority to excuse or dispense with the performance of those conditions. *Jackson* v. *Wiseburn*, 5 Wend. 136.

Order affirmed.