ELLA A. TICE *vs.* ROSWELL P. RUSSELL.

February 27, 1890.

**Principal and Agent—Evidence of Authority.**—Where an agent, by the authority of his principal, acts generally for him in a particular department of his business, or assumes so to act, with the knowledge and consent of his principal, in dealing with third persons, who are thereby induced to rely on the authority of the agent, the principal is bound by his acts.

**Redemption from Execution Sale—Extension of Time by Waiver—Estoppel—Notice.**—It is competent for a creditor who has purchased the land of his debtor upon execution sale to waive his strict legal rights in respect to the time for redemption; and, if his acts relied on by the debtor to constitute such waiver are equivalent to an estoppel *in pais,* he is bound by them, and a reasonable time after notice must be allowed the debtor in which to redeem.

Evidence *held* sufficient to require a consideration of the case upon its merits by the trial court.

Appeal by plaintiff from a judgment of the district court for Hennepin county, where the action was tried by *Young,* J., and a dismissal ordered at the close of plaintiff's case.

*Wilson & Van Derlip,* for appellant.

*Gilger & Harrison*, for respondent.

VANDERBURGH, J. Judgment was rendered in the defendant's favor in proceedings to enforce a mechanic's lien upon the premises in controversy, and a sale thereon was had, and the property bid in by defendant, on the 24th day of September, 1887; and the period of redemption expired on September 24, 1888. The amount for which the premises were sold is the sum of $935.47. The premises sold are alleged by the plaintiff to be of the value of $9,000, and admitted by the defendant to be worth the sum of $8,000. There was a prior mortgage upon the property for $4,000. The action is substantially for leave to redeem from such sale after the time had expired, and is based upon the alleged promises and assurance made by the defendant to the plaintiff's agent, and acted on by him, that she would be permitted to redeem, as well after as before the expiration of the time of redemption, upon paying the amount due in money pursuant to a statement to be furnished by the defendant. The action was dismissed at the close of plaintiff's evidence. We are to determine whether there was evidence in plaintiff's behalf, reasonably tending to support plaintiff's cause of action, for the consideration of the court upon the merits. We are of the opinion that there was.

1. It appeared that one David Tice acted for plaintiff in conducting the negotiations with defendant or his agent in respect to the redemption, and the evidence is sufficient to show that he was authorized so to act.

2. And so, also, the evidence in the case reasonably tended to show that one R. P. Russell, Jr., was authorized to represent the defendant in the negotiations and proceedings alleged to have been had between them touching the time and conditions upon which the redemption might be made. He seems to have had general charge for the defendant of the lumber business of the latter, and had a share of the profits. He also had charge of the collections and the securities obtained through the filing of liens. He appears to have been acting generally for the defendant in this particular department of the business of the latter, with his authority or consent. The negotiations in question, while pending, were known to the defendant; and, assuming the truth of the evidence in the case, it is sufficient to show

that the defendant's son was acting with his authority, and might extend the time for the redemption of the premises, as it is claimed he promised and agreed to do.

3. The contention of the plaintiff is that the defendant promised and agreed not to stand upon his strict statutory right in respect to the time of redemption, and that, relying upon his promises and conduct, she was led to delay the tender of the redemption money until after the day. It is competent for a party to waive his strict legal rights as to the time of redemption, and agree to allow a redemption at a subsequent time; and, if the acts relied on to constitute such waiver are equivalent to an estoppel *in pais*, he is bound by them, and a reasonable time after notice must be given the other party in which to redeem. It is not a sufficient ground for relief that a party has made a mistake as to his legal rights, or has been under a misapprehension as to the intentions and purposes of the lienholder, unless the same was induced by him. But the conduct of the latter must be such as reasonably to mislead the debtor or redemptioner, and such as, if relied on by the latter, the former ought not in equity and good conscience to be permitted to repudiate. The weight and credibility of the evidence will be for the trial court, when it comes to find the facts; but we think there is evidence reasonably tending to show such waiver in this case. The negotiations began early in the summer. Plaintiff was embarrassed by the existence of the prior mortgage on the premises in attempting to raise a further loan for the redemption-money. Her evidence shows that from the beginning she was assured by his agent that all the defendant wanted was the money, and that he did not want the property; that in response to her request he promised that she would be furnished a statement in due season of the amount required, and of the date when she would be obliged to redeem. She claims that she was led to understand and believe that she might redeem in a reasonable time, as well after as before the expiration of the time of redemption, and particularly from the result of an interview and consultation with the defendant's agent in September, in which the testimony shows that her agent "informed him of her difficulty in raising the money, and asked for a statement of the amount required to redeem,

and when the time of redemption would expire; and that he had promised to furnish a statement, and on my expressing my fear that the time would expire, he [defendant's agent] said that would not make any difference; he would take the money at any time, as he did not want the property. * * * He said a little time would make no difference; he would receive the money at any time." Plaintiff relied on this promise. No statement was furnished, and no notice given plaintiff limiting the time for closing the negotiations. The plaintiff made efforts to meet the defendant again before the day, September 24th, but failed, and in October afterwards tendered him the amount of the debt and interest, which was refused. The evidence, we think, tended to prove a temporary waiver, at least, by the defendant, which had not been recalled by any notice or demand of performance when the tender was made, and which could not be disregarded or recalled by him until a reasonable time given for performance. 6 Wait, Act. & Def. 714.

Judgment reversed.