SAMUEL HOOVER *vs.* ANDREW W. JOHNSON.

December 1, 1891.

Mortgage—Foreclosure — Redemption Period not Extended by Suit for Accounting.—Under a valid statutory foreclosure of a mortgage, the time of redemption cannot be extended to await the determination of a suit by a second mortgagee for an accounting for use or rent of the premises had or received by the first mortgagee pending the time of redemption. The amount due must be paid or tendered within the time fixed by the statute, or the time stipulated, if an extension has been agreed on by the parties.

Appeal by plaintiff from a judgment of the district court for Hennepin county, entered pursuant to an order by *Hooker*, J., granting defendant's motion for judgment on the pleadings.

*Humphrey Barton*, for appellant.

*Molyneaux & Peterson*, for respondent.

VANDERBURGH, J. The defendant, first mortgagee, duly foreclosed his mortgage, and bid in the mortgaged premises at the sum of

$9,078.94, July 29, 1889. The plaintiff, as second mortgagee, was entitled to redeem under the statute in case the mortgagor did not, and, as to him, the time of redemption would have expired on the 3d day of August, 1890. It is, however, alleged in the complaint that prior to that time plaintiff agreed to extend the time of redemption to August 28th, and afterwards again agreed to a further extension for a reasonable time after the last date. On the 1st day of September, the plaintiff brought this action to redeem, alleging the above facts in substance, and also his readiness and willingness to redeem, and that defendant has received certain rents of the premises since the sale, for which he asks an accounting and an allowance, and that the court determine the amount to be paid, and that he be allowed to redeem on payment thereof. The motion for judgment upon the pleadings raised the question of the sufficiency of the complaint.

We think the complaint insufficient. The statutory time of redemption cannot be extended to await the determination of a suit in equity for an accounting. Such accounting is an incident to the right to redeem in a suit therefor as against the mortgagee in possession; but in the case of a statutory redemption from the purchaser at the sale the statute fixes the terms of redemption, and the amount due must be paid or tendered within the time fixed, unless waived or extended. No consideration for the extension is alleged, and, if sufficient be shown to establish a waiver of the time within the rule recognized in *Tice* v. *Russell,* 43 Minn. 66, (44 N. W. Rep. 886,) yet the redemptioner must act promptly while the option is open. Nothing was waived here but the time at which payment should be made or tendered. It was therefore the duty of defendant to make the requisite tender as early at least as September 1st, when he alleges he was ready and willing to make the redemption, and the defendant was entitled to receive the purchase price bid, with interest, unless the amount had been reduced by credits made thereon which should be allowed as payments, and the plaintiff would in any case take the risk in respect to the sufficiency of the tender. Here no tender or offer to pay the amount actually due is shown by the complaint. Upon the consent of the defendant in his answer to a redemption upon payment of the purchase-money, inter-

est, and taxes, however, the court ordered that the plaintiff be allowed 15 days in which to redeem by paying the amount bid, with interest. The judgment was therefore sufficiently favorable to the plaintiff, and is accordingly affirmed.