STATE *ex rel.* SWAN A. ANDERSON *et al. vs.* CHARLES D. KERR.

Argued Nov. 10, 1892. Decided Nov. 29, 1892.

**Time for Redeeming—Courts cannot Enlarge.**

A district court cannot, in the exercise of the discretionary powers conferred by 1878 G. S. ch. 66, § 125, extend or enlarge the period of time within which real property must be redeemed from a sale made in proceedings to foreclose a mechanic's lien.

On the relation of Swan A. Anderson and Leopold A. Plaster, an order was made by this court that Hon. *Charles D. Kerr,* a judge of the District Court of Ramsey county, show cause on November 10, 1892, why a writ of *mandamus* should not issue, directing him to enter a final decree pursuant to 1878 G. S. ch. 81, § 36.

In April, 1891, the relators had a mechanic's lien against a lot in St. Paul owned by Amelia Kingsley. There was a mortgage for $2,200 on the lot subsequent to the lien. The relators brought an action in the District Court to foreclose the lien in which the owner and the mortgagee were made defendants. Judgment was obtained July 1, 1891, and the lot was sold by the sheriff and bid in by the relators for $157.26, the amount of their lien. The sale was confirmed August 17, 1891. The time for redemption expired, but no redemption was made, and the relators on September 17, 1892, applied to the District Court on notice for a final decree that the title to the lot was in the purchasers free and clear of all equity of redemption on the part of the defendants in the judgment. Quigley, the mortgagee, appeared and opposed the granting of the decree,

and asked that the time to redeem be extended and that he be allowed to redeem. He stated that he intended to redeem, but on account of his inadvertence and mistake, he neglected to do so within the year allowed for that purpose; that the property was worth between $3,000 and $4,000, and that there were no other incumbrances thereon, and that unless the court granted him relief he would lose his mortgage lien and the relators would obtain the property for $157.26 bid by them at the sale and that no rights had intervened which would make such redemption inequitable. .

The court on October 13, 1892, refused the decree and ordered that the time for redemption be extended ten days from that date and that Quigley be allowed to redeem within that time, by paying the amount due on the lien and $100, for attorney's fees and expenditures of the relators. All other proceedings were stayed for thirty days to enable the relators to appeal from the order. The relators did not appeal, but applied to this court and obtained its order that Hon. *Charles D. Kerr,* the judge of the District Court before whom the application for the final decree was made, show cause on November 10, 1892, why a writ of *mandamus* should not issue commanding him to grant the final decree.

*Humphrey Barton,* for relators.

It may be contended that *mandamus* will not lie; that relators have an adequate remedy at law, by appeal. The answer to this is, that the refusal to enter the decree is not appealable. An order refusing to enter such decree is of the same nature as an order for judgment; and an order for judgment is not appealable. Had the order extending the time for redemption been made solely upon a motion for that purpose, not connected with a motion for final decree, the relators could appeal from the order so extending the time for redemption. But here the respondent is moved by the relators to enter the decree, and he refuses to do it, and says that the time for redemption should be extended.

The statute is mandatory and the respondent could not refuse to enter the decree, and if he could refuse upon sufficient grounds shown, then the ground of his refusal is not sufficient. The respond-

ent was powerless to extend the time for redemption. 2 Jones, Mort. 117; *Cameron* v. *Adams,* 31 Mich. 426; *Hoover* v. *Johnson,* 47 Minn. 434; *Hyman* v. *Bogue,* 135 Ill. 9; *McConkey* v. *Lamb,* 71 Iowa, 636; *Eiceman* v. *Finch,* 79 Ind. 511; *Palmer* v. *McCormick,* 30 Fed. Rep. 82; *Ettenheimer* v. *Northgraves,* 75 Iowa, 28.

*Stevens, O'Brien & Glenn,* for respondent.

The order in question involves the strict legal rights of the relators and is not a matter of discretion, and is appealable. *Holmes* v. *Campbell,* 13 Minn. 66, (Gil. 58.) Where the plaintiff himself becomes the purchaser, the court is always more ready to afford relief upon less evidence of fraud, surprise or accident than otherwise. Jones, Mortg. § 1671.

1878 G. S. ch. 66, § 125, as amended by Laws 1887, ch. 61, permits the exercise to the fullest extent, between the parties to an action, of the equity powers of the court over its own judgments and all proceedings in execution thereof. And the court may in its discretion grant appropriate relief by setting aside or modifying its judgments, orders or proceedings as justice may require. *Russell* v. *Blakeman,* 40 Minn. 463; *Wells* v. *Gieseke,* 27 Minn. 478; *Sherwood* v. *Hooker,* 1 Barb. Ch. 650; *Doty* v. *Whittlesey,* 1 Root, 310; *Bostwick* v. *Stiles,* 35 Conn. 195; Jones, Mortg. § 1569.

COLLINS, J. In an action brought to foreclose a mechanic's lien, wherein these relators were plaintiffs, judgment was duly entered in their favor decreeing a sale of the premises involved to satisfy the amount found to be due on the lien, and that, should there be a surplus arising from the sale, it should be applied in partial or full satisfaction of a mortgage on the premises held by one Quigley, the same being a lien subsequent to that held by these relators. At the sale the premises were sold to relators for a sum sufficient to pay the amount due to them, with the expenses of the sale, and no more. The sale was duly confirmed by the court, and, no redemption being made within the period fixed by law, (1878 G. S. ch. 81, § 34,) relators, as purchasers at the sale, applied to the district court for the final decree provided for in section 36. This application was op-

posed by Quigley, and on his motion, based upon an affidavit setting forth certain acts of inadvertence and excusable neglect, whereby he had omitted to redeem within the year, the court made its order extending his right for a period of ten days from date, (October 13, 1892,) and directing that he be allowed to redeem from the sale within such time. Thereupon an order to show cause why a writ of *mandamus* should not issue compelling the court below to make and enter the final decree, as demanded by relators, was made by this court. Passing by all other questions in the case, we come directly to a brief consideration of the right or power of the court to enlarge and extend the time within which redemption can be made, by statute fixed at one year after the date of the order of confirmation. It is contended by respondent's counsel that the power to so enlarge and extend is a discretionary one, conferred by 1878 G. S. ch. 66, § 125, by the terms of which the district court is authorized, under certain circumstances, to relieve a party from a judgment, order, or other proceeding taken against him; but no authorities are cited in support of the contention that this provision of the statute is pertinent to the subject of redemption, and we are confident that none can be found. The provisions of section 125 refer simply to proceedings taken in court against a party, which proceedings the court, of necessity, and within a proper exercise of its discretion, should have the power to regulate and control. But the right of redemption is a strict legal right, to be exercised, if at all, in accordance with the terms of statute by which the right is conferred, unless waived or extended by the party whose interests are to be affected. *Tice* v. *Russell*, 43 Minn. 66, (44 N. W. Rep. 886;) *Hoover* v. *Johnson*, 47 Minn. 434, (50 N. W. Rep. 475.) The exercise of this right is not a proceeding in the action, nor is it a proceeding in court, but wholly independent of either, for the rights of the redemptioner, as well as those of the party from whom redemption is to be made, are dependent upon, and in all respects governed by, the statute. As a general rule, it may be said that when a valid legislative act has determined conditions on which rights shall vest or be forfeited, and no fraud has been practiced, no court can interpose conditions or qualifications in violation of the statute. The courts have no power to

relieve against statutory forfeitures. *Cameron* v. *Adams*, 31 Mich. 426; *McConkey* v. *Lamb*, 71 Iowa, 636, (33 N. W. Rep. 146;) *Hyman* v. *Bogue*, 135 Ill. 9, (26 N. E. Rep. 40.)

Let a peremptory writ of *mandamus* issue.

(Opinion published 53 N. W. Rep. 719.)