J. J. LE TOURNEAU v. BOARD OF COUNTY COMMISSIONERS OF
AITKIN COUNTY.

November 15, 1899.

Nos. 11,907—(51).

**Motion for New Trial—G. S. 1894, § 5399.**

That part of G. S. 1894, § 5399, which provides that a motion to set
aside a verdict and for a new trial, made upon the minutes of the court,
or upon the minutes of the stenographic reporter, "can only be heard at
the same term or court at which the trial is heard," is imperative. After
the term ends, the court has no right, as against the objection of counsel,
to hear and determine such a motion.

Action in the district court for Aitkin county to recover $254.60
for services rendered. The case was tried before Holland, J., who
found in favor of plaintiff; and from an order granting a motion for
a new trial, plaintiff appealed. Reversed.

*John Rustgard* and *McGiffert & Hunter*, for appellant.

*F. E. Ebner*, for respondent.

COLLINS, J.

This action was tried at the October term for 1898 of the district
court for Aitkin county, a jury trial having been waived. After the
term had ended, and on December 27, the court filed its findings,
with an order for judgment in favor of the plaintiff. Judgment was
entered on the same day by consent of the then county attorney.
January 11, 1899, the present county attorney gave written notice
of a motion for a new trial on the grounds mentioned in the fifth and
seventh subdivisions of G. S. 1894, § 5398, to be heard at the court
chambers in the city of Brainerd, Crow Wing county, "on the
minutes of the court, the minutes of the stenographic reporter, the
files, records, and proceedings," and certain affidavits. At the time
and place fixed by the notice, plaintiff's counsel appeared specially,
and objected to a hearing of the motion, on the grounds that the
court was without authority to set aside its findings and decision
upon a motion made as this was; and also that it could not enter-
tain such a motion at its chambers in another county; and, further,
that it was not authorized, under the statute, to hear and determine

such a motion after the term of court had ended at which the cause was heard and tried. These objections were overruled, the motion was argued on the merits, and the court vacated and set aside the judgment, and ordered a new trial.

It is to be regretted that this action on the part of the trial court cannot be upheld. But the statute (G. S. 1894, § 5399) is very plain. Its provisions are imperative, and cannot be evaded. It is expressly provided that a motion for a new trial, made upon the minutes of the court or on the minutes of the stenographic reporter, "can only be heard at the same term or court at which the trial is heard." After the term ended in Aitkin county, the court had no right, as against the objection of counsel, to hear and determine the motion in question. Its subsequent action was therefore erroneous. Nothing further need be said.

Order reversed, but, in view of all the circumstances, no statutory costs will be taxed against the defendant.