## STATE ex rel. L. S. KENNEY v. L. S. NELSON.[1]

January 5, 1912.

Nos. 17,485—(240).

**Judicial ditch — statutory right of appeal.**

Section 70, c. 469, Laws 1909, giving the right of appeal in drainage proceedings to persons claiming damages, or whose lands are assessed for benefits, is limited to such persons, and does not extend the same right to the petitioners for the ditch.

**Certiorari — petitioners' right to writ.**

Certiorari may be resorted to by the petitioners in such proceedings for the review of alleged errors of the court on the trial of an appeal by property owners from an assessment of benefits to their land; the right of appeal not being granted them by the statutes upon the subject.

**Appeal from assessment in another county — trial — judgment.**

Where a trial of an appeal from the assessment of benefits to lands in drainage proceedings is had in the district court of a county, other than that in which the proceeding was instituted, under the provisions of section 6, c. 384, Laws 1911, the verdict of the jury or order of the court rendered in such trial is the final determination of the proceeding in that court, and no judgment thereon is necessary.

**Verdict or order certified to court having jurisdiction.**

The verdict or order is, in such case, certified to the court having jurisdiction of the proceeding, and there acted upon as though rendered by that court.

**Writ not prematurely issued.**

On the facts stated in the opinion, it is *held* that the proceedings here under review were finally terminated at the time the writ of certiorari herein was issued, and that its issuance was not premature.

[1] Reported in 133 N. W. 1010.

**Burden of proof.**

> On an appeal from the assessment of damages or benefits in drainage proceedings, the landowner who appeals has the burden of proof to overcome the report and assessment from which the appeal was taken.

**Assessment prima facie evidence.**

> The assessment of the viewers is prima facie correct, and, in the absence of any evidence on the trial of an appeal therefrom, must stand.

**Rulings of court erroneous.**

> The court below erroneously ruled that the burden of proof in such cases was upon the petitioners for the ditch, and, upon their failure to offer evidence upon the subject of benefits, in directing a verdict to the effect that the lands involved were not benefited.

Upon the petition of L. S. Kenney, this court granted a writ of certiorari directed to L. S. Nelson, judge of the district court for the Thirteenth judicial district, commanding him to certify all of the proceedings had in the district court for Nobles county in the matter of Judicial Ditch No. 13, in Jackson county. Reversed.

*Knox & Faber*, for relator.

*J. A. Town* and *E. H. Nicholas*, for respondent.

BROWN, J.

Certiorari to review the action of the district court of Nobles county had and taken in certain drainage proceedings.

The short facts are as follows: Judicial ditch proceedings were duly commenced in Jackson county, in the Seventeenth judicial district, which resulted, in the due course of procedure, in an order establishing the ditch petitioned for. The ditch, as proposed and ordered, extended from territory within Jackson county to and within the county of Nobles, in the Thirteenth judicial district. Damages and benefits resulting from the proposed improvement were duly assessed and reported to the district court of Jackson county, and the proceedings in the matter, no objection having been made thereto, are taken to have been in all things regular and in conformity with law.

Subsequent to filing the report of the viewers so assessing damages and benefits, and within the time allowed therefor, certain per-

sons owning land in Nobles county which was affected by the ditch, acting under the provisions of section 6, c. 384, p. 550, Laws 1911, separately appealed from the award of benefits to their lands, and in their notice of appeal demanded a trial of the issue in the district court of Nobles county, where their lands were located. Copies of the notices of appeal were certified to and filed in the office of the clerk of the district court of that county, but no transcript of the drainage proceedings, "so far as they pertained to the matter on account of which the appeal was taken," or otherwise, was ever filed with the Nobles county court, as required by the statute referred to. At the general term of the court of that county following the appeals, October 17, 1911, they were ordered consolidated and tried together.

After a selection of the jury to try the issues, the court ruled that the burden of proof was upon the petitioners for the ditch, and that they were required affirmatively to establish the extent of benefits to appellants' lands. Petitioners' counsel took an exception to the ruling, and declined to offer any evidence whatever, and moved to dismiss the appeals, on the ground that "there is nothing now before the court or the jury which would require of the respondents to proceed to offer any evidence," and that the affirmative of the issue was upon appellants. The motion was not ruled upon at the time, but after it had been entered by the reporter both parties rested, without offering any evidence.

Counsel for petitioners then moved to dismiss the proceedings, on the ground, among others, that the record had never been certified to the court by the clerk of Jackson county; and therefore that the court of Nobles county had no jurisdiction to hear or determine the appeal. The court overruled the motion, and petitioners duly excepted.

Counsel for appellants then moved for a directed verdict in their favor, finding that the lands owned by them were and would be in no way benefited by the construction of the proposed ditch. A verdict accordingly was directed and returned, to which petitioners excepted.

Petitioners then moved, upon the minutes of the court, for a new trial on the usual statutory grounds, which motion was subsequently

submitted upon briefs of counsel. By an order dated December 13, 1911, and filed December 14, the motion for a new trial was denied.

On December 13, 1911, petitioners for the ditch applied to this court and obtained a writ of certiorari to review the action and proceedings of the district court, setting forth in the petition therefor: (1) That the court below had no jurisdiction to hear, try, or determine the issues presented by the appeal, for the reason that jurisdiction had not been vested by a proper return, as required by law; (2) that the court erred in holding that the petitioners had the burden of proof, and were required to establish the fact of benefits to the lands of appellants; and (3) that, in the absence of any evidence whatever, the court erred in directing a verdict for appellants. At the hearing in this court, appellants moved to quash the writ, on the ground that it was prematurely and improvidently issued, and to this we first turn our attention.

1. It is contended that the writ was prematurely issued, because no judgment had, prior thereto, been entered upon the verdict or other final determination made of the matter in the court below. We do not sustain this contention.

No judgment upon the verdict was necessary in the Nobles county court. The verdict of the jury, unless vacated and set aside, finally ended the matter, so far as concerned that court. The statute vesting jurisdiction in that court to hear and try the appeal makes no provision for a judgment; on the contrary, expressly provides that the clerk of that court shall "make, certify and return the verdict of the jury or the order of the court in such matter to such clerk of the district court of the county wherein such proceedings were instituted, and such verdict or order shall be entered and enforced as a part of such proceedings in such last-mentioned county."[1] This clearly makes the verdict or order of the court the final determination of the matter, so far as involved in the issues presented by the appeal. The verdict or order goes to the court having jurisdiction of the proceedings, and is there treated as though rendered by that court, and when the certification is made to that court the jurisdiction of the court

---

[1] Laws 1911, pp. 551, 552, § 6, amending Laws 1905, c. 230, § 12. [Reporter]

where the trial is had is terminated. The sole purpose of the statute was to afford the landowner the right of trial in his own county, and not to transfer the proceedings, or any part thereof, to the adjoining county for final action.

But it is further contended that when the writ was issued herein a motion for a new trial was pending before the Nobles county court which had not then been determined. This point is not sustained. The order of the court below, denying a new trial, was made and dated December 13, 1911; the writ herein was issued on the same day, but whether before or after the judge below had signed the order does not appear. The order was filed on the fourteenth, and the writ herein was served upon respondents on the fifteenth, of December. We think, as applied to the present situation, that the order denying a new trial, having in fact been made and signed on the thirteenth, was a final determination of the matter on that day, and that the filing thereof on the following day relates back to the date of the order, so that there was, in that view of the case, a final determination of the matter in the court below when the writ issued from this court. We will not stop to speculate upon the question, the order and writ bearing the same date, which preceded in point of time.

2. It is also contended that the writ was improvidently issued, because the petitioners had the right of appeal from the order denying a new trial, and that that was their exclusive remedy. Counsel cited in support of this claim section 70, c. 469, p. 581, Laws 1909 (R. L. Supp. 1909, § 2651—110). The statute does not support the contention. It provides for an appeal from any appealable order by "any party who claims damages or against whose property benefits are assessed." This clearly has no application to the petitioners for the ditch, but is limited by its language to those who claim damages, or who are assessed for benefits. The petitioners for the ditch cannot, therefore, under that statute, appeal from the order here involved, and certiorari was their proper remedy.

3. We come, then, to the merits of the questions involved. It may be conceded that the proceedings below vested in the Nobles county court jurisdiction to hear and determine the appeal, notwithstanding the fact that no part of the record of the proceedings in Jackson

county, save copies of the notices of appeal, were certified as required by the statute heretofore referred to. We may say, however, that the statute[1] clearly requires the clerk of the court in which the proceedings are pending, immediately upon filing the notices of appeal in his office, to make and transmit to the clerk of the other court a transcript of the records sufficient to show the assessment against the land involved, the expense of which would necessarily be paid, as an item of costs in the proceeding, as other expenses therein are paid.

We come, then, directly to the question whether any errors were committed on the trial below of a character to require a reversal.

The appeals below brought before the court the question whether the lands of appellants would be benefited by the construction of the proposed ditch. The viewers found that they would be benefited, and assessed them accordingly. When the appeals came on for trial, a question arose as to which party—the petitioners for the ditch, or the appellants, landowners whose lands were assessed for benefits—had the burden of proof. The court ruled that the petitioners for the ditch had the affirmative of the issue, and must establish the fact of benefits, and for their failure to do so directed a verdict to the effect that the lands were not benefited. In this the learned court erred. The affirmative of the issue was with the landowners who appealed. In the absence of any evidence tending to impeach or overcome the same, the report of the viewers would be final. In other words, their report in such proceedings is prima facie correct, and must stand, unless overcome by the person who attacks it.

It was held in an early day, in a similar proceeding—condemnation for railroad right of way—that the landowner who appealed from the assessment of damages awarded him had the "opening and closing" on the trial of the appeal in the district court. Minnesota Valley R. Co. v. Doran, 17 Minn. 162 (188). While not so stated in the opinion in that case, it is clear that the landowner was awarded the opening and closing, because the burden was upon him to overcome the assessment made by the commissioners.

The same rule applies to drainage proceedings like those at bar, and springs from the general rule that the burden of proof is upon the party who must fail in the action, if no evidence be offered by

[1] Laws 1911, p. 551, c. 384, § 6. [Reporter]

either party. 1 Dunnell, Minn. Dig. § 3470. It is obvious that the mere appeal from the assessment of benefits would not have the effect of setting aside the assessment made by the viewers, and that, in the absence of any evidence by either party, their report and assessment must stand. The court therefore was in error in its ruling, and in directing a verdict for the landowners. McMillan v. Board Co. Commrs. of Freeborn County, 93 Minn. 16, 100 N. W. 384, did not involve this question, and is not in point.

It is true, as contended by respondent herein, that the matter of the opening and closing rests generally in the discretion of the trial court, and that a reversal will not ordinarily be ordered for an erroneous decision upon that question. But when the order is in fact erroneous, and is followed by a further order directing an erroneous verdict, based upon the prior order, the situation is not one resting wholly within the discretion of the court, and may be corrected on review. The substantial error here involved is found in the order directing a verdict for the landowners, in the absence of evidence tending to impeach or overcome the report of the viewers. For this error, a new trial must be ordered.

Order denying a new trial reversed.