## IN THE MATTER OF JUDICIAL DITCH NO. 52, NORMAN AND POLK COUNTIES.[1]

December 17, 1915.

Nos. 19,429—(86).

**Judicial ditch — assessment of benefits — demand for jury trial.**

The court has no power to enlarge the time fixed by statute for making a demand for a review by a jury of the order of the court fixing the amount of benefits or damages in a judicial ditch proceeding. Neither section 7746 nor section 7786, G. S. 1913, which give power to the court to enlarge the time for the doing of certain acts in pending actions and proceedings, applies to such a case.

In the matter of proceedings in the district court for Norman county to establish Judicial Ditch No. 52 in Norman and Polk counties, the court, Grindeland, J., established the ditch in accordance with the report of the viewers. The petitioners for the ditch moved that the demand of Peter Johnson and others for a jury trial be stricken from the files and the same denied on the ground that it was not served within the time fixed by statute and that the court was without jurisdiction to have such demand submitted to a jury. From an order denying their motion, Peter Johnson and others appealed. Affirmed.

*A. A. Miller* and *Martin O'Brien,* for appellants.

*Julius J. Olson, Charles Loring* and *G. A. Youngquist,* for respondents

[1]Reported in 155 N. W. 626.

HALLAM, J.

This is a proceeding to establish a judicial ditch. The statute provides for the appointment of a board of viewers to investigate and report, among other things, the property benefited or damaged, and the amount of benefit or damage to each tract affected. The court may then establish the ditch and confirm the viewers' report.

It is then provided that "any person deeming himself aggrieved * * * by an order of the * * * court * * * determining the amount of his benefits or damages, may demand a jury trial to determine the amount of his benefits or damages as the case may be * * * Such demand shall be in writing * * * and * * * served * * * and * * * filed * * * within twenty days after the filing * * * of the order confirming the report of the viewers." G. S. 1913, § 5534.

In this proceeding the viewers made their report and award of benefits and damages. On October 9, 1914, the court filed its order confirming the viewers' report. Demand for a jury trial was made December 8, 1914. In April, 1915, attorney for petitioners moved to strike the demand from the files. On the same day the attorneys for landowners moved for an order extending the time within which to make demand for a jury trial. This motion was made upon an affidavit calculated to excuse failure to make demand within the statutory time. The court struck the demand from the files.

Respondents contend that the court has no power to enlarge the time prescribed by statute for demanding a jury trial, and the trial court so held. Appellants contend the court may, for good cause shown, enlarge the time, and that the trial court should have heard and determined the question whether good cause was shown. This is the only question in the case.

Where a statute fixes conditions on which private rights shall accrue or be forfeited, and prescribes a time within which such conditions shall be complied with, such a statute is mandatory and a court cannot relieve against it unless authority is given therefor. State v. Kerr, 51 Minn. 417, 53 N. W. 719; Johnson v. Northwestern L. & B. Assn. 60 Minn. 393, 62 N. W. 381. This is such a statute and it is mandatory in character. We have another statute, however, which provides that, "in furtherance of justice, the court, on proper terms, may * * * relieve against any mis-

chance, omission or defect, * * * and, for good cause shown, the court may enlarge the time within which any act or proceeding is required by law to be done or taken, permitting the same within such enlarged time on reasonable terms" (G. S. 1913, § 7746), and a further statute that the court may "permit an answer or reply to be made, or other act to be done, after the time limited therefor * * * or by its order may enlarge such time." G. S. 1913, § 7786. Appellants contend that these statutes give to the court discretion to enlarge the time for demanding a jury trial in a judicial ditch proceeding.

Both of these statutes are limited in their application to judicial proceedings (State v. Kerr, 51 Minn. 417, 53 N. W. 719), and they are further limited in their application to matters of practice and procedure in pending actions or proceedings. Humphrey v. Carpenter, 39 Minn. 115, 39 N. W. 67. We have no doubt that they apply to the ordinary procedure in ditch proceedings and other special proceedings, as well as to actions which proceed according to the course of the common law. See State v. Ward, 79 Minn. 362, 82 N. W. 686.

It has been held that these statutes give the court power to reinstate an appeal which has been dismissed because of failure to procure substitution of the personal representative of a deceased party within the time prescribed by statute, (Baldwin v. Rogers, 28 Minn. 68, 9 N. W. 79) ; to permit the verification of an answer in a tax proceeding after the time limited for answering has expired (State v. Ward, 79 Minn. 362, 82 N. W. 686) ; and similar provisions are held to give the power to hear a motion for a new trial for cause after the expiration of a statutory time, (Bailey v. Drake, 12 Wash. 99), unless some mandatory language of the statute precludes such a result, as in Le Tourneau v. Board of Co. Commrs. of Aitkin County, 78 Minn. 82, 80 N. W. 840.

On the other hand, it is held that these statutes give no power to enlarge the time within which an action may be brought into court (Humphrey v. Carpenter, 39 Minn. 115, 39 N. W. 67) ; or to extend the time for taking an appeal from one court to another (Burns v. Phinney, 53 Minn. 431, 55 N. W. 540) ; or to enlarge the time for performing the acts necessary to entitle a party to his statutory absolute right to a second trial in ejectment (Dawson v. Shillock, 29 Minn. 189, 12 N. W. 526) ; or to enlarge the time to redeem from a foreclosure sale (State

v. Kerr, 51 Minn. 417, 53 N. W. 719).

We are of the opinion that the demand for a jury trial in a judicial ditch case is not a mere matter of procedure in a pending proceeding, and that the trial court may not enlarge the time within which such demand is to be made. The demand is not an appeal. See People v. White, 59 Barb. 666. It is, however, a demand for a review by a jury of the decision of the court. The order of the judge establishing the ditch and confirming the report of the viewers is a final determination of the proceeding. No judgment upon the order is contemplated. State v. Nelson, 116 Minn. 424, 427, 133 N. W. 1010, and when such an order is filed it becomes the duty of the clerk "to immediately transmit to the county auditor of each county affected thereby a certified copy thereof." G. S. 1913, § 5533. The order is as much a finality as a judgment in an action at law. The statute giving to the landowner a review thereof by a jury gives to him in fact a second "day in court." In that respect it quite resembles the old statutory second trial in ejectment, and we are unable to distinguish this case upon any logical ground from Dawson v. Shillock, 29 Minn. 189, 12 N. W. 526, above cited.

We are of the opinion that the demand for a jury trial must be made within the time prescribed by the statute and that the court is given no power to enlarge the time.

Order affirmed. ——————