R. C. ASQUITH and Others v. OTTO ENGSTROM and Others.[1]

May 19, 1916.

Nos. 19,836—(118).

**Judicial ditch — demand for jury trial.**

1. A demand for a jury trial in a judicial ditch proceeding under G. S. 1913, §5534, is sufficient if it recites the statutory conditions upon which the right depends and from it the assessment and land intended are reasonably ascertainable.

**Same — demand by vendor and purchaser — bond.**

2. When one landowner conveys to another pending the ditch proceeding, and both join in the demand, only one bond is required.

**Appeal from judgment of dismissal—scope of review.**

3. Whether upon the dismissal of a demand for jury trial formal judgment should be entered is not determined; but when judgment is entered the propriety of the dismissal is reviewable upon an appeal from it.

Proceeding in the district court for Cottonwood county in the matter of Judicial Ditch No. 10. The court confirmed the report of the engineer and assessed the benefits and damages from the proposed work. R. C. Asquith and others made separate demands for a jury trial to determine the amount of their respective benefits. The demands were placed upon the general term calendar, and when called the petitioners, Otto Engstrom and others, moved to dismiss the demands on the ground that the demands were not sufficient and the bonds did not comply with the law. The motion was granted, Nelson, J. From the judgment entered pursuant to the order for judgment, R. C. Asquith and others took separate appeals. Reversed.

*S. B. Wilson,* for appellants.

*O. J. Finstad,* for respondents.

DIBELL, C.

This is a judicial ditch proceeding. Upon the entry of the final order

[1]Reported in 157 N. W. 1004.

of confirmation certain landowners filed their demands for a jury trial to determine the amount of their benefits. The trial court dismissed their demands. Judgments were entered accordingly. They appeal from the judgments.

1. The appellant, R. C. Asquith, filed a demand for a jury trial which, omitting the title, address and subscription, was as follows:

"Please take notice, that R. C. Asquith, one of the persons assessed for benefits in the above entitled matter by the final order filed therein by the court on the 3rd day of September, A. D. 1915, deeming himself aggrieved by said order, hereby demands a jury trial to determine the amount of his benefits by reason of the construction of said Judicial Ditch No. 10 referred to in the above entitled matter."

The applicable portions of the statute are as follows:

"Any person deeming himself aggrieved in a county or judicial ditch proceeding, by an order of the county board or the court as the case may be, determining the amount of his benefits or damages may demand a jury trial to determine the amount of his benefits or damages, as the case may be on account of the construction of such ditch. Such demand shall be in writing, signed by the party making the same, or by his agent or attorney, and with copy of proposed bond shall be served upon attorney for petitioner. * * * In a judicial ditch proceeding, such demand shall be accompanied by a bond in the sum of at least two hundred fifty dollars ($250) with at least two sureties * * * The issues raised by such demand shall stand for trial and shall be fully tried and determined at the next term of the district court. * * * If there be more than one demand triable in one county, they may be consolidated and tried together.* * * *" G. S. 1913, § 5534.

Under this statute the demand is sufficient. It recites the statutory conditions essential to the right to a jury trial. It does not describe the assessment, except by reference to the pending proceeding, nor does it more particularly describe the land assessed. The proceedings resulting in the assessment were before the court. See Dodge v. County of Martin, 119 Minn. 392, 138 N. W. 675. From them it appeared that Asquith, though his initials were wrongly given, was the owner of lands assessed for benefits. One in search of information could find it. No one could be misled and no one was misled. The assessment of which

complaint was made and the land upon which it was levied were not in doubt. There is nothing in In re Judicial Ditch No. 52, Norman and Polk Counties, 131 Minn. 372, 155 N. W. 626, opposed to the views here expressed. That case holds that the 20-day provision of the statute is mandatory, and that the time cannot be enlarged. That situation is not involved here.

The demand of the appellant Bernhard Klaassen was in the form of that of Asquith. His name was incorrectly spelled in the final order. Such mistakes, resulting in no harm, should be treated as immaterial in a proceeding like this. It is inconceivable that anyone interested in the proceeding did not understand what assessment and what lands Asquith and Klaassen intended by their demands.

2. Two of the appellants, H. D. Peters and Dietrich Peters, joined in a demand and filed a single bond. Pending the ditch proceeding Dietrich Peters conveyed to Henry D. Peters. The lands were described in the demand, and otherwise the demand was in the form of the ones considered in the preceding paragraph. When a conveyance is so made we are of the opinion that one bond is sufficient. The purpose of the conveyance was not to avoid the giving of a required bond nor to consolidate the demands of separate owners.

3. It is not necessary to determine whether judgments should have been entered upon the dismissal of the demands. See State v. Nelson, 116 Minn. 424, 133 N. W. 1010. The judgments were not nullities. They judicially determined that the demands were dismissed and they were the acts of the court. On appeal from them the propriety of the dismissal of the demands is reviewable.

Judgments reversed.