# M. WERMERSKIRCHEN v. O. J. DYSTHE AND OTHERS.[1]

October 20, 1916.

Nos. 19,775—(28).

**Drain — demand for jury trial.**

A demand for jury trial in a judicial ditch proceeding *held* sufficient, though the appellant by the demand did not connect himself with the title to any property assessed for benefits in the proceeding.

M. Wermerskirchen and A. Wermerskirchen appealed to the district court for Murray county from the order of the court, Nelson, J., confirming the reports of the engineers and viewers in the matter of Judicial Ditch No. 7 in that county, on the ground that the amount of benefits assessed to appellants was in excess of the actual benefit to their land, and demanded a jury trial to determine their benefits. From an order granting respondents' motion to dismiss the appeal on the ground that no sufficient notice of appeal and bond had been given, M. Wermerskirchen appealed. Reversed.

*J. A. Cashel,* for appellant.

*Ole Swanjord,* for respondents.

DIBELL, C.

Appeal by M. Wermerskirchen from an order dismissing his demand for a jury trial in a judicial ditch proceeding.

The demand for a jury trial was made in the name of M. Wermerskirchen and A. Wermerskirchen. The bond was executed by M. Wermerskirchen alone and referred only to the appeal or demand made in his behalf. The land involved is not described in the demand. In the proceedings which are a part of the record the name of Susan Wermerskirchen as owner of certain land assessed for benefits appears. The name of M. Wermerskirchen does not appear. His connection, if any, with the land assessed in the name of Susan Wermerskirchen is not shown. The

[1] Reported in 159 N. W. 629.

motion to dismiss was made on the preliminary call of the term calendar, was oral, and was put upon the general ground that no sufficient notice of appeal and bond had been given. The demand for jury trial states that the appellant is aggrieved by the action of the court in establishing the ditch. The ground of his complaint is that the amount of benefits assessed against him on account of the ditch is in excess of the actual benefits. The demand should be held sufficient. If the connection of the appellant with the land assessed is not such that he is aggrieved by the assessment, of course there is nothing to present to a jury for trial. If he is aggrieved the fact that he does not in his demand show his ownership of property assessed does not bar him from presenting his claim. See Anderson v. County of Meeker, 46 Minn. 237, 48 N. W. 1022. We do not mean to say that upon the motion it might not have been shown that the appellant was not in a position to contest the assessment and that upon such a showing there might not have been a dismissal. Except in the respect mentioned the case is substantially identical with that of Sands v. Dysthe, supra, p. 290, 159 N. W. 629. The applicable statutory provisions are recited in Asquith v. Engstrom, 133 Minn. 113, 157 N. W. 1004. While the demand is not in commendable form it is not fatally defective. No statutory costs will be allowed.

Order reversed.