In re the Matter of COUNTY OF DOUGLAS JOINT COUNTY DITCH NO. 4, formerly known as Judicial Ditch No. 4, and Orville W. Garvin, Alfred Garvin, Ricky Garvin, and Larry Zarbok.

No. C9-87-1252.

Court of Appeals of Minnesota.

Feb. 23, 1988.

Ann L. Carrott, Douglas Co. Atty., Alexandria, for respondent County.

Dewey M. Nelson, Dewey M. Nelson & Associates, Ltd., Alexandria, for appellants.

Heard, considered, and decided by FORSBERG, P.J., and NIERENGARTEN, and CRIPPEN, JJ.

## OPINION

FORSBERG, Judge.

In 1982, a number of landowners petitioned for a redetermination of benefits pursuant to Minn.Stat. § 106.465 (1982). A public hearing was held in July 1983 to review the viewers' report, which stated that certain lands were benefited by Joint County Ditch No. 4 ("ditch no. 4"). The Douglas County Board of Commissioners ("county board") adopted the report and filed its findings and order.

Appeals to the district court were filed by Orville W. Garvin, Larry D. Zarbok, and Ricky D. Garvin, who were owners of land found to be benefited by ditch no. 4. An appeal was also filed by Alfred Garvin, who farms but does not own land found to be benefited.[1] Following a trial at which these four appeals were consolidated, the district court affirmed the redetermination of benefits. This appeal followed entry of judgment. We reverse.

## FACTS

Ditch no. 4 lies to the west of appellants' lands, and it is undisputed that water from appellants' lands eventually flows into ditch no. 4.

In affirming the county board's decision, the district court reasoned:

The Appellants, by their appeal, challenged the finding that their land benefited by past improvements or will benefit by any future improvements to Joint County Ditch No. 4 for the reason that water from their property always ran in a direction leading to Ditch No. 4. The evidence indicated that the land owners herein or their predecessors in title have in the past kept the laterals and other waterways that eventually led to Ditch No. 4 in repair and functional. The water from their land flowed in those laterals and waterways and eventually reached Joint County Ditch No. 4. The proper maintenance of Joint County Ditch No. 4, therefore, is necessary to permit proper drainage of their land.

## ISSUE

Is the evidence sufficient to support the redetermination of benefits?

## ANALYSIS

Appeals from a redetermination of benefits are considered appeals related to benefits and damages under Minn.Stat. § 106.631, subds. 1, 2, and 3 (1982). Although issues in such an appeal are entitled to a trial by jury, appellants waived their right to a jury trial and the matter was submitted to the court. *See* Minn.Stat. § 106.631, subd. 2(c).

The burden is on appellants to introduce evidence before the district court to impeach or otherwise overcome the viewers' report, which is prima facie correct. *State ex rel. Kenney v. Nelson*, 116 Minn. 424, 429, 133 N.W. 1010, 1012 (1912) (where neither party presented any evidence, viewers' report and assessment must stand and court erred in directing verdict for landowners).

In this case, appellants testified that they cleaned out and maintained the waterways by their lands to assist the flow of water. Appellants further testified that the elevation of their lands was higher than the land containing ditch no. 4, that water drained naturally from their lands into ditch no. 4, that the water had always followed those

---

1. Records show that the land farmed by Alfred Garvin was owned by his father, W.A. Garvin, who died in 1942 or 1943 and whose estate was never probated. Before the district court and now on appeal, the county contends that Alfred Garvin lacks standing to appeal because he is not the registered owner of land found to be benefited. The district court did not rule on this issue. Under Minn.Stat. § 106.631 (1982), "any party aggrieved" may appeal from a redetermination of benefits; there is no requirement that the person be a registered owner. As the county provides us with no reason to dismiss Alfred Garvin's appeal, we decline to do so.

courses, and that ditch no. 4 in no way benefited their lands. No expert testimony or other evidence was presented by the county to rebut appellants' statements or to otherwise show that the lands actually receive or will receive benefits from ditch no. 4.

In *In re Petition for Repair of County Ditch No. 1*, 237 Minn. 358, 364, 55 N.W.2d 308, 312 (1952), the supreme court stated:

4. It is obvious that before there can be an assessment against land from which water drains into the ditch there must be a beneficial drainage. All surface water sooner or later finds its way into some outlet. One of the main objects of artificial drainage systems is to draw the water off fast enough so that the land may be gainfully put to use. It is entirely possible that some tract or tracts of land within the drainage basin of a ditch are so much higher than other lands that it needs no aid from any artificial drain. In such case, it may not be assessed for benefits accruing to lower land merely because it is in the general drainage basin of the ditch and its water ultimately finds its way into the drainage system. *Sheehan v. Flynn*, 59 Minn. 436, 61 N.W. 462, 26 L.R.A. 632 [holding that a landowner has a right to drain surface water off of his land and deposit it in some natural drain as long as he does not unnecessarily or unreasonably injure his neighbor], is still the law of this state; and, where a landowner, with such aid as he can obtain from the application of the rules announced in that case, may dispose of his surface water as freely before the construction of the drain as after, it is difficult to see how he has sustained any benefit from the construction of the ditch.

The supreme court went on to examine the record, which showed that surface water had always flowed freely from the landowner's farm across his neighbors' farms in a shallow ravine and ultimately to a branch of the county ditch (which had formerly been a creek). Concluding that the land was not benefited by the drainage system, the court reversed and remanded to the district court with instructions to enter judgment for the landowner. *Id.* at 366, 55 N.W.2d at 314.

 Under the reasoning of *County Ditch No. 1*, a benefit to land may be shown when a ditch provides an outlet for water that would otherwise accumulate on the land. In this case, the district court erroneously concluded that appellants' lands were benefited merely because appellants kept their own waterways in repair and because water from their lands eventually reached ditch no. 4.

## DECISION

Reversed.