Argued June 9, affirmed October 21, 1976

RINK, *Appellant,*

*v.*

KORTGE et al, *Respondents.*

555 P2d 775

*Richard Rink,* Phoenix, AZ, argued the cause and filed briefs pro se.

*Bernard L. Smith,* Wasco County District Attorney, and *James Habberstad* of Dick & Dick, The Dalles, argued the cause and filed a brief for respondents.

Before Denecke, Chief Justice, and McAllister, O'Connell, Tongue, and Bryson, Justices.

McALLISTER, J.

## McALLISTER, J.

The petitioner, Richard Rink, filed a petition for writ of mandamus to require the County Court of Wasco County to issue to him deeds to ten lots which he had purchased at an execution sale.

The circuit court issued an alternative writ of mandamus which was amended by petitioner and to the amended alternative writ the respondents demurred on the ground that the amended writ did not state facts sufficient to constitute a cause of action. In support of their demurrer respondents relied on ORS 203.200, which provides that decisions of the county court made in the transaction of county business may be reviewed only upon a writ of review. The trial court, however, ruled that the writ of review was not the exclusive remedy for reviewing decisions of the county court and overruled the demurrer. Respondents then filed an answer to which petitioner duly replied.

The facts were stipulated by the parties and the court heard the matter on the stipulation and exhibits and found as follows:

"THE COURT FINDS: That as a matter of law:

"1. The right of redemption does exist when property has been sold pursuant to the provisions of ORS 371.660(3);

"2. The redemptioners in this case had the right to redeem the subject property;

"3. The property has been properly redeemed,

"NOW, THEREFORE, IT IS HEREBY ORDERED: That Mandamus herein be refused and the Respondents be discharged;".

The petitioner appeals from the above order.

In 1965 and 1967 the owners of certain lots in Wasco County petitioned the county court to make street improvements under ORS 371.605 to 371.660. The improvements were made but the owners failed to pay the costs assessed. In 1972 writs of execution were issued and the Wasco County Court levied and ordered sale of the lots pursuant to ORS 371.660(3).

[ 507 ]

The lots were sold on August 30, 1972 and the petitioner Rink purchased ten of the lots at the execution sale and received from the county certificates of sale, reciting that the sale would become absolute if the property was not redeemed in the manner provided by law.

In August 1973 the original owners of the lots notified Rink and the Sheriff of Wasco County that they intended to redeem the lots. They tendered the amount necessary to redeem the lots, which the county court accepted. The court issued certificates of redemption to the original owners and sent Rink checks for the amount due him.

The appellant Rink rests his claim that the writ of mandamus should have been granted on the following three propositions:

(1) that the right of redemption does not exist as to real property sold pursuant to ORS 371.660(3);

(2) that the redemptioners in this case did not have a right to redeem;

(3) that proper procedures were not followed by either redemptioner and that the property has not been redeemed.

We agree with the trial court that when the legislature directed the county court to sell "each parcel of land in the manner provided by law for the sale of real property on execution" it intended that the statutes providing for redemption of real property sold on execution should also apply to the foreclosure of delinquent county assessments levied under ORS Chapter 371.

Redemption is commonly provided for in our statutory provisions for the sale of real property for debt. ORS 23.520, provides:

"Upon a sale of real property, when the estate is less than a leasehold of two years' unexpired term, the sale shall be absolute. In all other cases such property shall be subject to redemption, as provided in ORS 23.530 to 23.600."

The appellant has pointed to no other statutory provision for the sale of real property in which redemption was not provided for and we have found none. In the absence of a more specific indication that the legislature intended to eliminate the right of redemption in the case of land sold under ORS Chapter 371, we interpret ORS 371.660(3) as referring to all the provisions of ORS 23.410 to 23.600, including those authorizing redemption.

■ Appellant next contends that the redemptioners did not have a right to redeem because ORS 23.530(1) provides for redemption only by judgment debtors and mortgagors. We quote from appellant's brief as follows:

> "* * * In this case there is neither a judgment debtor or mortgagor and since they or their heir, devisee or grantee are the only ones that can redeem, it would appear that there is no one in a position to redeem."

We think, however, in order to reconcile the sale of property under ORS Chapter 371 with the redemption of property under ORS Chapter 23, the owners whose property has been sold under ORS 371.660(3) must stand in the same position as the judgment debtor or mortgagor referred to in ORS 23.530(1).

■ ORS 371.605(1) describes an owner as "a vendee under a recorded land sale contract or if there is no such contract the holder of the record title." The redemptioner Odegaard was the holder of the record title to the lots redeemed by him. The redemptioner Woodside was a vendee under a recorded land sale contract of the lots redeemed by him. We hold that both redemptioners had a right to redeem.

■ Plaintiff next contends that the property was not redeemed because he was not given timely notice that the redemptioners intended to redeem. Appellant concedes that he is a resident of Phoenix, Arizona and was in Phoenix during the period when the redemptioners were attempting to notify him by mail of their intention to redeem. However, ORS 23.570(1) provides that

the "person seeking to redeem shall give the purchaser * * * not less than two days' nor more than 30 days' notice of his intention to apply to the sheriff for that purpose; *if with reasonable diligence personal service of such notice can not be made within the state, then proof thereof by affidavit filed with the sheriff shall be equivalent to such personal service. * * *"* (Italics added.) In this case both redemptioners duly filed an affidavit with the sheriff that personal service of a notice of their intention to redeem could not be made within the state. The filing of such affidavits dispensed with the necessity of serving notice on appellant in Arizona. We, therefore, find no merit in appellant's contention as to defective service of notice.[1]

Appellant, in his brief, also objects because the money to redeem was paid to the county court instead of to the sheriff. If so, appellant was not prejudiced thereby.

The disposition we have made of appellant's contentions makes it unnecessary to consider whether the trial court erred in holding that mandamus was a proper remedy in this case.

The trial court did not err in dismissing the writ of mandamus and the judgment is affirmed.

---

[1] The parties did not raise, and we do not consider, possible due process questions in connection with this notice procedure. Appellant did receive notice of the proceedings and he has had ample opportunity to litigate all the issues he has chosen to raise.