J. A. MOLLERUP, Plaintiff,

D. Richard Moench, Assignee of Plaintiff, Appellant,

v.

STORAGE SYSTEMS INTERNATIONAL, a Utah Corporation, Robert T. Martin, Ernestina M. Martin, The United States of America, Hamilton Fan and Blower Company and Village Carpet Mills, Inc., Defendants and Respondents,

John C. Green, Trustee in Bankruptcy of Robert T. Martin, Respondent.

Nos. 14876 and 14947.

Supreme Court of Utah.

Sept. 26, 1977.

R. Mont McDowell of Roe & Fowler, Mark O. Van Wagoner, Salt Lake City, for appellant.

John C. Green of Cotro-Manes, Warr, Fankhauser & Beasley, Henry D. Moyle, Richard C. Cahoon, Salt Lake City, for respondent.

HALL, Justice:

D. Richard Moench appeals from two orders of the District Court of Salt Lake County extending the time for redemption after foreclosure on real property.

The factual sequence giving rise to this controversy is as follows: Defendants Robert T. and Ernestina M. Martin hereinafter referred to as "Martins," purchased real estate assigning their interest therein to plaintiff, J. A. Mollerup, hereinafter referred to as "Mollerup," as security for a loan. Martins defaulted on the contract and summary judgment of foreclosure was granted in favor of Mollerup who in turn assigned his interest to appellant, D. Richard Moench, hereinafter referred to as "Moench," who was the successful bidder at the sheriff's sale. Thereafter, Martins filed a petition in bankruptcy and respondent, John C. Green, hereinafter referred to as "Green," was appointed trustee.

The six month period of redemption [1] expired on October 13, 1976, and based on an ex parte motion of Green the lower court entered an order on October 15, 1976, extending the redemption period for 45 days and Green subsequently sought and obtained a second ex parte order extending the redemption period for 45 days from the date this Court renders its opinion on appeal.

The sole question on appeal involves the power of the lower court to extend the redemption period, and if so, upon what circumstances.

Title 78-37-6 U.C.A., 1953, establishes the statutory right of redemption from foreclosure sales:

Sales of real estate under judgments of foreclosure of mortgages and liens are subject to redemption as in case of sales under executions generally. . . .

Rule 69(f)(3) U.R.C.P. establishes the time for redemption from sales on execution.

The property may be redeemed from the purchaser within six months after the sale on paying the amount of his purchase with 6 percent thereon in addition, together with the amount of any assessment or taxes, and any reasonable sum for fire insurance and necessary maintenance, upkeep, or repair of any improvements upon the property which the purchaser may have paid thereon after the purchase, with interest on such amounts, and, if the purchaser is also a creditor having a lien prior to that of the person seeking redemption, other than the judgment under which said purchase was made, the amount of such lien, with interest. . . .

The orders of the trial court are apparently based on Rule 6(b) U.R.C.P. which reads in part as follows:

When by these rules or by a notice given thereunder or by order of the court an act is required or allowed to be done at or within a specified time, the court *for cause shown* may at any time in its discretion (1) with or without motion or notice order the period enlarged if re-

---

1. Rule 69(f) U.R.C.P.

quest therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), (d) and (e), 60(b) and 73(a) and (g), except to the extent and under the conditions stated in them. [Emphasis added.]

The provisions of said Title 78–37–6, supra, are more than procedural; they confer and define the extent of the right to redeem, as well as provide the method in which redemption shall be made.[2]

■ The right of redemption has long been recognized as a substantive right to be exercised in strict accord with statutory terms.[3] It is not an equitable right created or regulated by principles of equity but, rather, is a creature of statute and depends entirely upon the provisions of the statute creating the right.[4]

■ Notwithstanding the foregoing, a court, sitting in equity, may in appropriate instances extend the period. This Court has recognized that equitable principle by setting aside a sale after the time for redemption had expired, when the sale was attended by such substantial irregularities as must have prevented a sale at a fair sum, resulting in a gross sacrifice of the judgment creditor's property.[5] A similar case can be made to relieve a mortgagor of the consequences of fraud, accident, mistake, or waiver as was found to exist in *United States v. Loosley,* Utah, 551 P.2d 506 (1976). In that case, the mortgagor tendered payment for redemption to the purchaser's attorney one day prior to the expiration of the six month period and the same was returned eight days later with the explana-tion it had been tendered to the wrong person and citing additional other technical defects. The court held that the refusal to accept the tender was not justified and the failure to state objections to the tender was deemed to be a waiver of any such technical defects.

■ This Court has also considered the matter of bankruptcy after foreclosure and sale[6] and has determined that such does not extend the time of redemption. If the bankrupt, or his trustee, fails to exercise the right of redemption during the period provided by law, the right is lost.

■ The facts and circumstances of this particular case reflect nothing as would move the conscience of the Court in favor of Green. A further brief review of the facts points this out. He readily admits that no tender[7] was ever made since the bankrupt estate was and is entirely without assets and that the only prospect of an "asset" is the value, if any, of the right of redemption for which he is hopeful of finding a purchaser. He merely filed an affidavit alleging the redemption figures were not promptly furnished and were questionable.

It is obvious that Green is in no position to redeem and is merely attempting to sell the right of redemption. It is also obvious that because of the economic conditions which have prevailed during the some 16 months that have elapsed since the foreclosure sale, that land values have increased sharply and the prolonged redemption period has certainly worked in favor of Green.

Green asserts that equity favors his position, however, when we consider the posi-

2. *Local Realty Co. v. Lindquist,* 96 Utah 297, 85 P.2d 770 (1938).

3. 50 C.J.S. Judicial Sales Sec. 37c; *Colvin v. Weigold,* 31 Ariz. 370, 253 P. 633; *State ex rel. Anderson v. Kerr,* 51 Minn. 417, 53 N.W. 719; *State v. O'Connor,* 6 N.D. 285, 69 N.W. 692.

4. *Kuper v. Stojack,* 57 Wash.2d 482, 358 P.2d 132; *Burwell & Monford v. Seattle Plumbing Supply Co.,* 14 Wash.2d 537, 128 P.2d 859.

5. *Young v. Schroeder,* 10 Utah 155, 37 P. 252. Affirmed in 161 U.S. 334, 16 S.Ct. 512, 40 L.Ed. 721.

6. *Layton v. Layton,* 105 Utah 1, 140 P.2d 759.

7. Rule 69(f)(3), U.R.C.P., provides in the event of a disagreement as to reasonableness of sum demanded for redemption the sum necessary for redemption, less the amount in dispute, may be paid to the Court and a petition filed, with objection, and a determination made after hearing.

tion of Moench who expended in excess of $76,000.00 to purchase and has been prevented from perfecting title for a period of 16 months it is clear that the equities are balanced in the latter's favor. To determine otherwise would allow others similarly situated to simply appear ex parte, assert a dispute, a possible sale of the right to redeem, or some other such self-serving matter and the effect would be to abridge the rights of a purchaser at sale.

The extensions granted were not based upon adequate cause shown as required under Rule 6(b), supra, and amounted to an abuse of discretion under the facts of this case.

The orders are reversed, vacated, and set aside. Costs awarded to Moench.

ELLETT, C. J., and CROCKETT, MAUGHAN, and WILKINS, JJ., concur.