*[547]
 
 JOHNSON, J.
 

 This is an appeal from a circuit court decree nullifying a redemption of real property and awarding possession of the property to respondent. The issue is whether the redemption adequately complied with ORS 23.570(2), which provides in pertinent part:
 

 "(2) A party seeking to redeem shall submit to the sheriff the evidence of his right thereto as follows:
 

 "(a) Proof that the notice required by this section was given to the purchaser or redemptioner or waived.
 

 "(b) If he is a lien creditor, a copy of the docket of the judgment or decree under which he claims the right to redeem, certified to by the clerk of the court where such judgment or decree is docketed, or if he seeks to redeem upon a mortgage, the certificate of the record thereof.
 

 ‡ ‡ »
 

 Respondent was the purchaser of the subject property at a sheriffs sale following foreclosure of a mortgage lien. Appellant Scott, a junior lienholder on the property, filed notice of intent to redeem the property pursuant to ORS 23.520 to 23.600. In an attempt to comply with the requirements of ORS 23.570(2), Scott tendered to the sheriff the amount of money necessary to redeem, along with proof of service of the required notice of intent to redeem. However, instead of submitting a certified copy of the docket of the judgment, she submitted a certified copy of the Decree of Foreclosure containing a recital of her judgment lien on the property, together with an affidavit attesting that her judgment had not been satisfied. The trial court held that her failure to submit a copy of the judgment docket was fatal.
 

 Redemption statutes are remedial and are to be liberally construed.
 
 Ulrich v. Lincoln Realty Co.,
 
 175 Or 296, 305, 153 P2d 255 (1944).
 
 See also Kirk v. Woods,
 
 218 Or 293, 346 P2d 90 (1959);
 
 Engelson v. Miller,
 
 245 Or 105, 420 P2d 623 (1966);
 
 Rink v. Kortge,
 
 
 *[548]
 
 276 Or 505, 555 P2d 775 (1976). To hold that appellant’s substantial compliance with the statute invalidated the redemption would be to honor form over substance. The documents submitted by appellant provided the sheriff with adequate evidence of appellant’s right to redeem. In addition to showing that appellant’s judgment was a lien against the property, the recitals in the decree show the case number, the amount of her judgment, the date of entry, and the docket and page number. The only information that the recitals do not provide which would be provided by the docket itself is the date the judgment was entered into the journal and the location at which the record of any satisfaction of the judgment entered may be found. This additional information can be readily obtained by reference to the docket number in the decree. Appellant provided independent evidence that her judgment had not been satisfied in the affidavit. Appellant substantially complied with ORS 23.570(2) and respondent was not prejudiced.
 

 Reversed.