The COLEMAN COMPANY, INC., a corporation, Plaintiff and Appellant,

v.

SOUTHWEST FIELD IRRIGATION COMPANY and Old Fort Old Field Irrigation Company, Defendants and Respondents.

No. 15365.

Supreme Court of Utah.

Sept. 14, 1978.

Michael W. Park, Cedar City, for plaintiff and appellant.

Willard R. Bishop, Cedar City, for defendants and respondents.

HALL, Justice:

Plaintiff ("Coleman") sought equitable relief in the nature of a decree quieting title to a prescriptive easement by adverse possession, or in the alternative, for damages for failure to maintain the easement. Defendant, Southwest Field Irrigation Company, disclaimed any property interest and was properly dismissed as a party. The case was tried to the court, sitting without a jury, and from a judgment of dismissal Coleman appeals.

The trial court based its ruling on stipulated facts, however, that stipulation does not appear in the record before us. Nevertheless, it is not disputed here that the defendant, Old Fort Old Field Irrigation Company, ("Old Fort") had a 50-year prescriptive easement in a ditch running through plaintiff's and its predecessors' land. As required by statute,[1] Old Fort maintained the ditch with little effort and expense since it was fairly shallow, well-established ·and sodded and apparently followed the natural contour of the land. Plaintiff relocated the ditch solely for its own benefit and convenience and without Old Fort's express consent. Old Fort was found by the lower court to have acquiesced in the location change and to have properly maintained it in the same manner as it had maintained the ditch in the original channel. Some time thereafter the new ditch began washing out and endangered plaintiff's fence. Old Fort refused to expend the funds necessary to stabilize the new channel and gave rise to this suit.

■ The trial court correctly observed that plaintiff acquired no rights by adverse possession simply by *relocating* the easement, and in any event, it was not an *adverse* act at all because it was *acquiesced* in by Old Fort.

■■ It is also to be noted that, having sought equity, it is incumbent upon plaintiff to do equity.[2] By its action in relocating the ditch for its sole benefit and convenience, plaintiff sought to *decrease* the burden on its servient estate but its actual result was to *increase* the burden of Old Fort. Certainly Old Fort's acquiescence did not contemplate an increase in its burden of maintenance and no such increase can be made without its consent.[3] The burden of maintenance as to the relocated easement should only be as great as the burden of maintenance as to the original easement, absent such further agreement between the parties.

The facts of this case support the judgment of the trial court and its judgment is affirmed.

CROCKETT and WILKINS, JJ., concur.

ELLETT, C. J., dissenting.

MAUGHAN, Justice (Dissenting with Comments):

For the following reason, I cannot agree with the main opinion. The facts in this case are clear, and need not be set out again.

The opinion and the trial court are correct in requiring plaintiff to shoulder the added costs of maintenance because of plaintiff's unilateral acts causing the ditch

---

1. U.C.A., 1953, 73–1–8.

2. 30 C.J.S. Equity § 90.

3. *Hubble, et al., v. Cache County Drainage District No. 3*, 123 Utah 405, 259 P.2d 893 (1953).

to deteriorate; however, both fail to clarify defendants' statutory duty as the owner of the easement to maintain the ditch. 73–1–8, U.C.A. (1953) provides:

> Duties of owners of ditches—Safe condition—Bridges. —The owner of any ditch, canal, flume or other watercourse shall maintain the same in repair so as to prevent waste of water or damage to the property of others, and is required, by bridge or otherwise, to keep such ditch, canal, flume or other watercourse in good repair where the same crosses any public road or highway so as to prevent obstruction to travel or damage or overflow on such public road or highway, except where the public maintains or may hereafter elect to maintain devices for that purpose.

As owner, defendant had a clear duty to maintain the ditch both before and after it was relocated by plaintiff. Although plaintiff had no right to unilaterally increase defendant's burden of maintenance, and defendant cannot be said to have acquiesced to that extent, the statutory duty of maintenance did not shift to plaintiff. It remains with defendant, according to the clear legislative intent.

The trial court decreed in its judgment that defendant "is not obligated to restore the chain link fence . . ." and that "defendant shall be responsible to maintain the ditch in the same manner and fashion . as it was called upon to do when the ditch was in its original location . . ." This language directly contradicts the statutory mandate requiring the owner to maintain the ditch in such repair as to avoid waste and damage to property.

The judgment of the trial court should be modified to require defendant to perform all necessary maintenance in accordance with the statute. Defendant should then be allowed to recover from plaintiff the costs associated with defendants' increased burden of maintenance.