Argued March 26, reversed and remanded
with instructions July 30, reconsideration
denied September 6, 1979

SILBERNAGEL,
*Appellant,*
*v.*
GOIN, et al,
*Respondents.*

(No. 48289, CA 10864)

597 P2d 1287

Jack L. Orchard, Portland, argued the cause for appellant. With him on the briefs was Ball, Smith & Orchard, P. C., Portland.

Jackson L. Frost, Linn County District Attorney, and Edward F. Schultz, Civil Deputy, Albany, waived appearance for respondent Kenneth D. Goin, Sheriff of Linn County.

. Dean M. Quick, Albany, argued the cause for respondent Margaret A. Scott. With him on the brief was Weatherford, Thompson, Horton, Brickey & Powers, P. C., Albany.

Before Schwab, Chief Judge, and Lee, Buttler and Joseph, Judges.

BUTTLER, J.

**BUTTLER, J.**

This case involves a dispute over title to real property in Linn County which plaintiff purchased at a foreclosure sale and which defendant Margaret A. Scott, a junior lien creditor, purported to redeem from plaintiff. The issue revolves around that redemption, which plaintiff contends was invalid.

Plaintiff brought this suit to set aside the redemption on the ground that Scott had not complied with ORS 23.570(2)(b)[1] in that she failed to tender to the Sheriff a certified copy of the docket of the judgment under which she claimed; instead, she had tendered a certified copy of the decree of foreclosure reciting her judgment lien, together with an affidavit attesting that her judgment had not been satisfied. The trial court granted plaintiff's motion for summary judgment, and on appeal by defendant Scott this court reversed, holding that there was a substantial compliance with the statute. *Silbernagel v. Goin*, 31 Or App 545, 570 P2d 1011 (1977), *rev den* (1978). The mandate, dated February 10, 1978, stated that the judgment was reversed "and the cause remanded for further proceedings."

On remand, the trial court, on defendant's *ex parte* presentation, entered a decree dated February 17, 1978, in favor of defendants. Prior thereto, one of counsel of record for defendants had conferred twice with counsel for plaintiff and had been advised of plaintiff's intention to amend and supplement his complaint. Defendants' counsel did not advise plaintiff's counsel of his intention to submit a new decree to

---

[1] ORS 23.570(2)(b) provides:

"(2) A party seeking to redeem shall submit to the sheriff the evidence of his right thereto as follows:

"* * * * *

"(b) If he is a lien creditor, a copy of the docket of the judgment or decree under which he claims the right to redeem, certified to by the clerk of the court where such judgment or decree is docketed, or if he seeks to redeem upon a mortgage, the certificate of the record thereof."

[271]

the trial court and did not provide him with a copy of the proposed decree prior to presenting it to the court, but sent a conformed copy after it was entered.

After being advised of the entry of the new decree, plaintiff wrote the trial court on February 21, advising the court of the above facts and stating that an amended and supplemental complaint was being prepared, and requesting that further proceedings be held in abeyance until he had an opportunity to determine what to do next. On February 23, 1978, the Linn County District Attorney wrote to the court and counsel stating that on February 21, the Sheriff's office had presented to him for approval a Sheriff's deed prepared by Mr. Bell, one of defendants' attorneys, in which the grantees were·Bell, Bell and Rounsefell. That letter was the first instance specifically calling the attention of the court or plaintiff's counsel to the fact that Mrs. Scott had assigned her rights in the property to Bell, Bell and Rounsefell.[2] On February 21, Bell, Bell and Rounsefell, as "successor in interest to Margaret Scott," filed a motion for a writ of assistance to place them in possession of the property.

On March 1, 1978, plaintiff filed motions to set aside the decree and for leave to file an amended and supplemental complaint. Plaintiff appeals from the denial of each of those motions. Defendants' motion to dismiss the appeal on the ground that neither of the orders is appealable was denied by this court on December 21, 1978, and we decline to reconsider those questions.

■ Presumably, the trial court concluded that by virtue of our former opinion reversing the summary judgment for plaintiff, it followed that defendants

---

[2] After the trial court granted plaintiff's motion for summary judgment, defendants filed an Answer and Affirmative Defenses, which was stricken as not having been timely filed. That pleading did not allege that Bell, Bell and Rounsefell had acquired all of the interest of defendant Scott in the property; it was, however, verified by one of them "as successor in interest to Margaret Scott."

were entitled to a decree on remand. However, the only question presented by plaintiff's motion for summary judgment was a legal one: whether defendant Scott had substantially complied with the redemption statute. The trial court held that Scott had not substantially complied; we held that she had. That holding did not foreclose plaintiff from raising other questions which presented issues of fact. The status of this matter was discussed by counsel for both sides after our mandate was handed down, and defendants' counsel knew that plaintiff's counsel considered the situation to be as we have stated it above, and that plaintiff intended to file an amended complaint raising additional factual issues. Notwithstanding that knowledge, defendants' counsel presented a new decree in defendant Scott's favor without first submitting it to plaintiff's counsel or advising counsel of his intention to present it to the court *ex parte.* Given these facts, we agree with plaintiff here that he was justified in claiming "surprise" under ORS 18.160, authorizing the court, in its discretion, to relieve a party from a decree taken against him "through his mistake, inadvertence, surprise or excusable neglect." We hold that it was an abuse of discretion to deny plaintiff's motion to set aside the decree, and reverse.

■ Whether plaintiff will be able to amend his complaint to allege facts which, if proven, will justify the relief he seeks, remains to be seen. We note, however, that it is now clear that Bell, Bell and Rounsefell are, and have been since no later than August 4, 1976, the owners of whatever interests defendant Scott had or acquired in the real property in question and that those attorneys acted as counsel for defendant Scott in these proceedings without advising either the trial court, plaintiff's counsel or this court of that fact. It is true that the deed from Scott to Bell, Bell and Rounsefell was recorded August 4, 1976, prior to the filing of the complaint herein, and plaintiff's counsel should have known of the transfer and named the grantees as defendants. It is also true that under

[273]

normal circumstances a grantee has no obligation to advise litigating parties or the court of his interest in the property in litigation, but where the grantee is an attorney who is the real party in interest, but purports to represent the defendant named in the proceedings, he does have an obligation to advise both the court and opposing counsel of his interest and that he is appearing on his own behalf.

What has occurred here is that the dispute has been litigated with a defendant who no longer had any interest in the property at the time the suit was commenced, an appeal has been taken in the name of that party and on remand a decree has been entered in the trial court in favor of that party[3] at the request of the attorneys who were and are the real parties in interest. As officers of the court, attorneys may not knowingly permit the judicial process to be used as a sham.

Under these circumstances, we conclude that plaintiff should be given substantial latitude in amending and supplementing his complaint, and may include matters relating to the transfer of Scott's interest to Bell, Bell and Rounsefell even though those facts might have been discoverable prior to the filing of the complaint or pursuant to discovery proceedings thereafter. We express no opinion, however, whether any facts relating to the transfer of Scott's interest may aid plaintiff in any way in setting aside the redemption, but only that under the peculiar circumstances of this case plaintiff should be entitled to litigate them.

Reversed and remanded for further proceedings consistent with this opinion.

---

[3] The decree submitted by defendants decrees that the redemption by Scott is valid, that the Certificate of Redemption issued to her is valid, that she is entitled to possession of the real property, and that the Sheriff is "directed to forthwith issue the normal Sheriff's Deed on said property to the defendant, Margaret A. Scott, or her heirs and assigns."