# HOUSEHOLD FINANCE CORPORATION,
*Plaintiff,*

*v.*

# BACON,
*Respondent,*

## HAWTHORNE LAND COMPANY,
*Assignee of Purchaser - Appellant.*

### (A7911-05442; CA A20842)

648 P2d 421

Stephen D. Krohn, Portland, argued the cause and filed the briefs for appellant.

Louis Savage, Legal Aid Service, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

This appeal is from a circuit court order denying three motions of Hawthorne Land Company directed at setting aside the redemption of real property by the judgment debtor. The principal issue is whether the original notice of intent to redeem, which did not give two full days' notice to the purchaser, as extended by court order served on the purchaser, was legally sufficient under ORS 23.570(1)[1] to permit redemption at the later date and time and within the permissible one-year period.[2]

The real property in question was sold on April 3, 1980, following foreclosure of a mortgage held by plaintiff Household Finance Corporation. Plaintiff was the purchaser at the foreclosure sale and subsequently assigned its interest in the property to appellant, Hawthorne Land Company. The last day for redemption by defendant Bacon, the judgment debtor, was April 3, 1981. On March 31, 1981, at 5:15 p.m., appellant was served[3] with a notice of intent to

---

[1] ORS 23.570(1) provides:

"(1) The person seeking to redeem shall give the purchaser or redemptioner not less than two days' nor more than 30 days' notice of his intention to apply to the sheriff for that purpose; if with reasonable diligence personal service of such notice cannot be made within the state, then proof thereof by affidavit filed with the sheriff shall be equivalent to such personal service. At the time and place specified in the notice, which place shall be the office of the sheriff at the courthouse, such person may redeem by paying to the sheriff the sum required. The sheriff shall give the person redeeming a certificate, as in the case of sale on execution, adding therein the sum paid on redemption, from whom redeemed, and the date thereof. The redemptioner shall file the certificate of redemption with the clerk of the court out of which execution issued. The clerk shall record it in the book of executions, under the same heading as the original execution, and shall index the same in like manner with the additional words 'redemption certificate,' and when the certificate is so recorded, shall place it with the execution and judgment roll."

[2] Appellant also contends that the notice of intent to redeem was invalid because an *ex parte* court order allowing redemption on April 3, at 3 p.m., did not set forth the place where redemption would occur. The statute specifies where redemption shall take place, and that location was specified in the original notice of intent to redeem served on appellant on March 31; moreover, appellant's counsel telephoned on April 3 at the time and location where redemption took place to enter its objections.

[3] Appellant was served with the notice of intent to redeem at 5:15 p.m., on March 31. Defendant's counsel was present at the time and place stated in the notice on April 2 for the purposes of redemption; however, appellant's counsel objected at that time, apparently on the ground that appellant had not received two full days' notice prior to redemption. *See First Federal v. Gruber,* 290 Or 53, 618 P2d 1265 (1980).

redeem pursuant to ORS 23.570(1), which requires that a purchaser be given not less than two days' nor more than 30 days' notice of intention to apply to the sheriff for redemption. The notice stated that redemption would occur on April 2, 1981, at 2 p.m.

Appellant objected to the notice, and redemption did not occur on that date. On the following day, April 3, defendant was granted, *ex parte,* an order allowing redemption on that date at 3 p.m. A copy of that order was served on appellant[4] at approximately 12:15 p.m., on April 3; redemption occurred at the stated time. Following redemption, appellant filed three motions: (1) to vacate the order allowing redemption on April 3; (2) to set aside the certificate of redemption issued to defendant, and (3) for an order directing the sheriff to convey the real property to appellant.

Appellant contends that the original March 31 notice did not give it the full two-day notice required by ORS 23.570(1) and that the April 3 court order gave appellant less than three hours' notice. It also contends that the court had no authority to modify the notice or extend the redemption date. The circuit court denied all three motions, finding that "[w]hatever technical inconsistencies may have occurred, the rights of the parties were protected." The appeal is from the order denying each of those motions, which had the effect of confirming the redemption.

■   Although the right to redeem is strictly statutory and must be pursued in accordance with the applicable statutes, *First Federal v. Gruber,* 290 Or 53, 618 P2d 1265 (1980); *Stamate v. Peterson,* 250 Or 532, 444 P2d 30 (1968), redemption statutes are remedial and are to be liberally construed. *Ulrich v. Lincoln Realty Co.,* 175 Or 296, 305, 153 P2d 255 (1944); *Silbernagel v. Goin,* 31 Or App 545, 547, 570 P2d 1011 (1977), *rev den* 281 Or 323 (1978).

In *First Federal v. Gruber, supra,* the court noted that the redemption statutes impose two time limitations: (1) redemption may occur "at any time within one year after the date of sale," ORS 23.560(1), and (2) the

---

[4] It appears from the record that appellant's counsel was also informed of defendant's intention to seek redemption on April 3.

purchaser must be given not less than two nor more than 30 days' notice of the redemptioner's intent to redeem. ORS 23.570(1). Here, there is no question but that redemption occurred within both time limitations: defendant redeemed the property within one year of the date of sale, and appellant received more than two days' notice of defendant's *intent* to redeem. The problem is that the original notice specified a date and time of intended redemption that was less than the two full days required by statute. Because there was not time to serve a new notice providing two full days' notice, defendant sought a court order authorizing redemption on the day following the date in the notice, which, when added to the time provided in the original notice, gave appellant the full statutory notice.

Appellant contends, however, that the court had no authority to authorize redemption at a time later than the original notice specified, and that if the order by itself is treated as a new notice, it did not provide appellant two days' notice. The redemption statutes do not provide a procedure for curing a faulty notice under circumstances presented here. Accordingly, we think the court had authority under ORS 1.160[5] to provide "any suitable process or mode of proceeding" to conform to the spirit of the redemption statutes, where, as here, no prejudice is shown.

The purpose of the notice provision is "to give the purchaser adequate opportunity to establish the amount necessary to redeem." *First Federal v. Gruber, supra,* 290 Or at 58. Appellant knew that redemption had to occur by April 3; the notice of March 31 advised it of defendant's intent to redeem. There were only three days remaining within which to accomplish redemption, so the fact that the original notice stated redemption would occur on April 2 instead of April 3 is inconsequential, because appellant was advised of the revised date and has shown no prejudice. If

---

[5] ORS 1.160 provides:

"When jurisdiction is, by the Constitution or by statute, conferred on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding is not specifically pointed out by the procedural statutes, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the procedural statutes."

anything, the one day's delay increased appellant's opportunity to establish the redemption amount, and appellant does not contend that it had insufficient time to establish that amount or dispute the amount paid by defendant.

Appellant also contends that defendant failed to give the sheriff proof of the notice of intent to redeem, required by ORS 23.570(2)(a),[6] and failed to provide the sheriff with an affidavit showing the amount due, required by ORS 23.570.[7] Those provisions are for the benefit and protection of the sheriff, who may refuse to allow redemption if those requirements are not met. The sheriff did not refuse and is not now complaining. The fact is that appellant had not less than two days' actual notice of defendant's intention to redeem, the redemption took place within the one-year statutory period and the correct redemption price was paid. Whatever deviation from the statute occurred was inconsequential and did not prejudice appellant. There was no error.[8]

Affirmed.

---

[6] ORS 23.570(2)(a) provides:

"A party seeking to redeem shall submit to the sheriff the evidence of his right thereto as follows:

"(a) Proof that the notice required by this section was given to the purchaser or redemptioner or waived."

[7] ORS 23.570(2)(c) provides:

"A party seeking to redeem shall submit to the sheriff the evidence of his right thereto as follows:

"* * * * *

"(c) A copy of any assignment necessary to establish his claim, verified by the affidavit of himself or agent; an affidavit by himself or agent showing the amount then actually due on the judgment, decree or mortgage."

[8] Because of our disposition of this case, we need not reach defendant's contention that ORS 23.460 violates defendant's right to due process, because it fails to inform debtors of their redemption rights. Recent legislation, however, has addressed that problem. Oregon Laws 1981, chapter 840, section 12, codified as ORS 23.515, provides that notice of a debtor's redemption rights be included in the notice to the debtor after sale on execution of residential property.